## Jarvie v. Cumulus Media, Inc.

C.P. of Berks County, No. 14-20186

*Charles V. Curley*, for plaintiff/appelle.
*Richard Brian Druby*, for defendant/appellant.

SPRECHER, *J.*, Jan. 22, 2015—Defendant appeals the order dated October 21, 2014, which granted plaintiff's petition for preliminary injunction to enjoin and preclude defendant from enforcing non-competition and non-solicitation provisions of plaintiff's employment agreement with defendant. This opinion is filed pursuant to Pa. R.A.P. 1925 and supplements the opinion which accompanied the order of October 21, 2014.

## FACTS

In 2003, plaintiff, Michael A. Jarvie, worked for Citadel Broadcasting Company (Citadel) in Wilkes-Barre, Pennsylvania. On May 7, 2007, Citadel hired plaintiff as a General Sales Manager for its radio stations WQXA-FM, WMHX-FM, WCAT-FM, WIOV-FM, and WIOV-AM in Harrisburg, Lancaster, Reading, and York, Pennsylvania. Plaintiff's duties included supervising the sales efforts through the sale of advertising time, supervising and developing account executives and assistants, attending station meetings, working with the programming and

promotions departments to maximize sales opportunities, and manage the budgets of the stations' sales departments. The general manager supervised him. Plaintiff's salary was $45,000.00 per year with the potential for bonuses. From 2007 to 2010, plaintiff typically earned $85,000.00 to $99,000.00 per year, including bonuses.

Prior to plaintiff's employment as the sales manager with Citadel, plaintiff executed a sales manager standard agreement (agreement). This agreement contained, *inter alia*, the following provisions which are the subject of this dispute:

9. (b) You will not enter into any employment or other agreement to perform services as an account executive or sales manager or perform any other services set forth in paragraph 1 hereof for any radio station with a transmission tower located within fifty (50) miles of the transmission tower of station for a period of one (1) year after the termination of your employment with company.

9. (c) You will not have any contact with and will not solicit clients or customers of station for a period of one (1) year after the termination of your employment with station for the purpose of selling airtime for any radio or television broadcaster.

(Exhibit No.1).

In 2011, Citadel entered into an agreement to merge with defendant, Cumulus Media, Inc. The merger was completed by September 2011. Plaintiff was paid a $20,000.00 retention bonus to stay during the transition period from September 20, 2011 through March 20, 2012. He signed a separate agreement for this bonus. This agreement does not contain a non-solicitation or non-competition clause.

In November 2011, defendant began changing the terms and conditions of plaintiff's employment. Plaintiff was demoted to account manager with a concomitant reduction in salary and duties. Plaintiff was no longer in charge of inventory or helping with pricing or doing anything in a managerial capacity. He was not eligible to receive bonuses. He no longer had a base salary and received his compensation based entirely on commissions. When the merger was completed and plaintiff became an employee of defendant, plaintiff had to give some of his clients to other salespeople because the clients had been clients of both Citadel and defendant before the merger.

In February 2014, defendant's new regional manager assumed the supervision of the York-Lancaster cluster. He took all managerial responsibility and privileges away from plaintiff. In May 2014, the marketing manager determined that plaintiff was earning too much money and took away some of plaintiff's existing billing accounts. Although other employees who were demoted or had changes in compensation signed new agreements with new restrictive covenants, defendant never requested plaintiff to execute a new agreement.

On October 1, 2014, plaintiff accepted a position with IHeartMedia as a Local Sales Manager. This radio station is in one of defendant's markets. His responsibilities are to supervise, develop, and grow a team for its radio stations in Berks County, Pennsylvania. Plaintiff will also help price the inventory and work on projects to help increase the profitability of the station.

On October 1, 2014, plaintiff gave defendant his required two weeks' notice of intent to resign. On October 2, 2014, defendant notified plaintiff that his resignation was accepted and asked him to leave immediately. Defendant then contacted IHeartMedia and indicated that

it would seek to enforce the non-competition and non-solicitation provisions of the agreement if IHeartMedia permitted plaintiff to work for it. Plaintiff filed this action for declaratory judgment and sought a preliminary injunction to preclude defendant from interfering with his ability to obtain new employment and to procure business.

Ron Giovanniello is the regional vice president in Pennsylvania for defendant. He is responsible for all of defendant's operations in the markets of Harrisburg, York, Lancaster, Reading, Allentown, and Wilkes-Barre/Scranton, Pennsylvania. IHeartMedia is defendant's biggest direct competitor in the business. The specific station where plaintiff worked for defendant was a country station. The IHeartMedia station where plaintiff sought employment is a contemporary hit station. Mr. Giovanniello testified that the only reason that defendant has an interest in plaintiff is that he can transfer accounts that will affect defendant's revenue. Mr. Giovanniello does not have a non-compete agreement with defendant.

Based on the foregoing evidence, this court granted plaintiff's motion for a preliminary injunction. Defendant filed a timely appeal.

## ISSUES

Defendant raises the following issues in its concise statement of errors complained of on appeal.

1. Whether this court erred in finding that plaintiff met his burden of proof for injunctive relief because plaintiff failed to establish all of the requisite elements for a preliminary injunction.

2. Whether this court erred in finding that plaintiff met his burden of proof for injunctive relief because plaintiff failed to prove "irreparable harm" as his claim is

compensable by money damages.

3. Whether this court erred in granting plaintiff's request for injunctive relief because greater injury resulted from granting the injunction, and the issuance of an injunction substantially harmed defendant.

4. Whether this court erred in granting plaintiff's request for injunctive relief because the preliminary injunction did not properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct.

5. Whether this court erred in granting plaintiff's request for injunctive relief because plaintiff did not prove that he is likely to prevail on the merits.

6. The injunction issued by this court is null and void because this court failed to require plaintiff to post a bond which would cover damages that are reasonably foreseeable.

7. This court erred by ruling that the restrictive covenants are not binding on plaintiff because this finding was the ultimate issue plaintiff sought to have determined through the declaratory judgment action, and the matter is properly the subject of arbitration.

8. In the alternative, this court erred by ruling that the restrictive covenants are not binding on plaintiff because this finding was the ultimate issue plaintiff sought to have determined through the declaratory judgment action, and defendant did not have a full and fair opportunity to conduct discovery, and defendant did not have a full and fair opportunity to be heard on that subject.

## DISCUSSION

A preliminary injunction should be granted only if all of the following four essential prerequisites are proven:

(1) a strong likelihood of success on the merits, (2) a showing of immediate and irreparable harm that cannot be compensated by money damages, (3) a showing that greater injury will result if preliminary injunctive relief is denied than if such injunctive relief is granted, and (4) a showing that a preliminary injunction would restore the status quo. *Allegheny Anesthesiology Associates, Inc. v. Allegheny General Hospital*, 826 A.2d 886 (Pa. Super. 2003).

This court found that plaintiff established a strong likelihood of success on the merits. An assignment of a right is not effective if it purports to make a material change in the duties of the obligor, unless the obligor assents to such changes. *Id.* at 892. In the case *sub judice*, plaintiff was demoted and his managerial duties were completely eliminated. His compensation changed. He went from a base salary with bonuses to earnings based entirely on commissions. Plaintiff no longer did the type of work for which he had been hired and for which he signed the agreement. He was hired as a supervisor/ manager and signed the agreement which was a sales manager standard agreement; defendant demoted him to a sales representative. The parties never executed a new agreement for the change of position; no evidence was submitted that plaintiff assented to the change of duties. In fact, the opposite is established.

Moreover, in the case *sub judice*, the main purpose of the non-compete clause is to prevent plaintiff from using his customer contacts and causing defendant a loss of revenue. This is clearly the interest defendant seeks to protect because it did not even make its regional vice president execute a similar agreement not to compete and not to solicit. Generally, interests that can be protected through non-competition covenants include trade

secrets, confidential information, good will, and unique or extraordinary skills. If the non-competition covenant is inserted into the employment agreement for some improper purpose, for example, eliminating or repressing competition or to keep the employee from competing so that the employer can gain an economic advantage, the covenant will not be enforced. *Hess v. Gebhard & Co. Inc.*, 570 Pa. 148, 808 A.2d 912 (2002).

For the above reasons, this court found that there is a strong likelihood of plaintiff's success on the merits. Therefore, plaintiff met the first prerequisite for the grant of a preliminary injunction.

The second prong of the standard for the grant of a preliminary injunction is that there is a showing of immediate and irreparable harm that cannot be compensated by money damages. The claimed harm must be irreversible before it will be deemed irreparable. *Greenmoor, Inc. v. Burchick Construction Company, Inc.*, 908 A.2d 310 (Pa. Super. 2006). If plaintiff is not permitted to work for his new employer, he will not have any job. Defendant effectively terminated plaintiff's employment upon his resignation. There was no testimony that defendant told plaintiff that if he leaves, defendant would enforce the alleged non-competition agreement. In fact, as stated it is the opposite. Defendant did not try to keep plaintiff employed while seeking legal resolution. Defendant immediately fired plaintiff and then directly contacted plaintiff's new employer, IHeartMedia, that it would seek to enforce the non-competition and non-solicitation provisions of the agreement if IHeartMedia permitted plaintiff to work for it. In one fell swoop, defendant fired plaintiff and threatened legal action to keep plaintiff from being hired by another employer. Defendant did not choose to go to court first and have

the issue resolved through a declaratory action; instead, it chose self-help retaliation rather than a legal resolution.

Without employment, plaintiff has no way to support himself and his family. His damages are not compensable because he cannot be reimbursed for the loss of this job. IHeartMedia will not keep the position vacant forever, and plaintiff will lose this job opportunity. There are limited positions for plaintiff in the field where he has worked for most of his adult life. Plaintiff's job loss is not compensable under these facts and circumstances.

The third prerequisite is that a greater injury will result if a preliminary injunction is denied rather than if it were granted. In the instant case, if the preliminary injunction were denied, plaintiff would lose forever the job from which he was fired and the new position and the immediate means to support his family. Defendant, however, would still remain in business. Defendant contends that it may lose some revenue, but in all likelihood, it would not. The two stations serve different audiences, so the same advertisers will probably continue to advertise on the same stations which they do now, and if they advertise on both stations, they probably will continue to do so. The audiences are in different localities and are not serviced by the same stations. Thus, plaintiff needs a preliminary injunction more than defendant needs to have it denied.

The last prerequisite for the granting of a preliminary injunction is a showing that it would restore the status quo. The preliminary injunction restores the status quo because plaintiff becomes an employee in the same type of position he held at Citadel and defendant continues to operate its stations in accordance with its policies.

For all the above reasons, this court determined that plaintiff had met its burden of proof for injunctive relief.

Defendant contends that the injunction is null and void because this court failed to required plaintiff to post a bond which could cover damages that are reasonably foreseeable. This issue is without merit.

This court did not find that any damages were reasonably foreseeable. At the preliminary injunction hearing defendant did not present any evidence of any loss of revenue, just speculation that it could lose some of its customers. It never requested that a bond be posted if this court were to grant injunctive relief. After receipt of defendant's post-hearing complaint that no bond had been posted, this court promptly scheduled a hearing on this issue. Due to conflicts with counsel and their clients, this hearing has been continued several times and still has not been held. This court will order that a bond be posted at the conclusion of that hearing, if the evidence warrants it.

Defendant's penultimate and last contentions concern this court's finding that the non-competition clause was not binding on plaintiff which should have been the ultimate issue decided in arbitration or after a trial. These assertions are meritless.

This court found for the purposes of the preliminary injunction proceeding, that the restrictive covenants set forth in the sales manager standard agreement were not binding on plaintiff due to the reasons set forth in the discussion which accompanied the order. It did not decide the ultimate issue of a permanent injunction, but merely made findings that plaintiff would likely prevail on the merits and that a preliminary injunction was warranted at this time.

In accordance with the foregoing opinion, this court submits that its order should be affirmed and the appeal dismissed.